UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN SIMS, ET AL.                               CIVIL ACTION

VERSUS                                          NUMBER 08-612-RET-SCR

THE DOW CHEMICAL COMPANY,
ET AL.

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 23, 2009.

                                                STEPHEN C. RIEDLINGER
                                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN SIMS, ET AL.

VERSUS

THE DOW CHEMICAL COMPANY,
ET AL.

CIVIL ACTION

NUMBER 08-612-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Remand for Lack of Subject Matter Jurisdiction by Reason of Defendants (sic) Failure to Comply with 28 U.S.C. § 1446(a), filed by the plaintiffs. Record document number 7. The motion is opposed.[1]

**Background**

Plaintiffs John Sims and Joanne Sims filed this suit in state court seeking damages resulting from John Sims' alleged exposure to vinyl chloride while he was working as an operator and instrument man at a facility of The Dow Chemical Company from 1969 to 2000.[2] Plaintiffs alleged that John Sims was exposed to harmful quantities of vinyl chloride during his employment with Dow and was never properly informed of the harmful nature and extent of his exposure

---

[1] Defendant The Dow Chemical Company and defendants The American Insurance Company, Associated Indemnity Corporation, and Travelers Casualty and Surety Company filed separate opposing memoranda. Record document number 13 and 15, respectively.

[2] John Sims died on October 2, 2008. As beneficiaries under La.Civ.Code art. 2315, his wife and son, Joanne and Brent Sims, were substituted as the plaintiffs. Record document number 12.

or of measures to avoid such exposure.  Plaintiffs also alleged that several of Dow's executive officers were negligent and failed in various responsibilities to protect his health and safety.[3]

Plaintiffs named as defendants The Dow Chemical Company and executive officers Larry D. Adcock, Mortimer Currier, Gerard W. Daigre, Charlie Melancon, and Theophile Rozas (hereafter "executive officer defendants").  Plaintiffs also named as defendants The American Insurance Company, Associated Indemnity Corporation, The Home Insurance Company, Travelers Casualty and Surety Company, as the insurers for Dow and the executive officers listed in their petition.[4]

The case was removed by defendants Dow, American Insurance, Associated Indemnity, Home Insurance, and Travelers (collectively the "removing defendants") based on diversity jurisdiction under 28 U.S.C. § 1332(a).[5]  Removing defendants asserted that they were

---

[3] Plaintiffs specifically alleged that the following executive officers acted negligently: Jan Achord, Larry Adcock, Arthur J. Bourg, Emmett Brown, Joe Bristol, James E. Campbell, Mortimer Currier, A.F. Decesare, Gerard W. Daigre, Charlie Halphen, Harold Hoyle, John Harvey, Everett Jacob, Malcolm L. McNabb, James H. Means, Charlie Melancon, Duane C. Nuechterlein, Lester Poirrier, Dr. V. K. Rowe, Theophile Rozas, Glen Saul, John R. Stein, Dr. Theodore Torkelson, Robert Vaughn, and Guy H. Watkins (collectively referred to as the "executive officers").

[4] Based on the allegations in the petition, it appears that the plaintiffs have asserted a direct action under LSA-R.S. § 22:1269 against the insurers for their claims against any executive officer not named as a defendant.

[5] Record document number 1, Notice of Removal.

completely diverse from the plaintiffs and that the amount in controversy exceeded $75,000.[6] Removing defendants argued that the Louisiana executive officers were improperly joined and that their citizenship should be disregarded for purposes of determining whether diversity jurisdiction exists.[7]

Removing defendants argued that the citizenship of executive officers who were not named as defendants should not be considered in determining whether complete diversity exists. Under 28 U.S.C. § 1332(c), an insurer takes on the citizenship of the insured in a direct action against the insurer when the insured is not joined as a party defendant. Removing defendants argued that the plaintiffs

---

[6] Notice of Removal, ¶¶ 6, 7, and 8. In the notice of removal, removing defendants alleged that the plaintiffs were citizens of Louisiana, defendant Dow was incorporated in Delaware with its principal place of business in Michigan, defendant The American Insurance Company was incorporated in Missouri with its principal place of business in California, defendant Associated Insurance Company was incorporated and has its principal place of business in California, and defendant Travelers Casualty and Surety Company was incorporated and has its principal place of business in Connecticut.

[7] The following executive officers were identified as Louisiana citizens in the plaintiffs' petition: Jan Achord, Larry Adcock, Arthur Bourg, Emmett Brown, Joe Bristol, James E. Campbell, Mortimer Currier, Gerard Daigre, Charlie Halphen, Malcolm L. McNabb, Charlie Melancon, Lester Poirrier, Theophile Rozas, and Glen Saul. The following executive officers were identified in the plaintiffs' petition as deceased: A.F. Decesare, John Harvey, James Means, Dr. V. K. Rowe, Dr. Theodore Torkelson, Robert Vaughn, and Guy Watkins. Because the removing defendants have demonstrated that the plaintiffs have no possibility of recovery against any of the executive officers based on the allegations of the petition, it is unnecessary to address the accuracy of the alleged citizenship of the executive officers.

cannot assert a direct action claim against the defendant insurers for damages resulting from the negligent acts of the executive officers not named as defendants because LSA-R.S. 22:1269 does not allow a direct action under the circumstances presented in this case.  Alternatively, the removing defendants argued that the plaintiffs have no viable claim against any of the executive officers.

In support of their motion to remand, the plaintiffs argued that the notice of removal is procedurally deficient under § 1446(a) because the removing defendants failed to attach two comprehensive sets of discovery served on Dow with the original petition.  Plaintiffs argued that the removing defendants did not attach the discovery because it would show the removing defendants' intent to delay the action in order to destroy evidence, determine the extent of the plaintiffs knowledge of Dow's misconduct, and increase the cost of litigation.

Plaintiffs also argued that the removing defendants' assertions in their Notice of Removal regarding improper joinder were conclusory and that they cannot establish that the plaintiffs have no reasonable basis for recovery against the Louisiana executive officers.

Thus, the issues to be resolved are (1) whether the Notice of Removal is procedurally sufficient under § 1446(a) and (2) whether the removing defendants have established improper joinder under controlling Fifth Circuit standards.

4

**Applicable Law**

Section 1446(a) requires that the notice of removal include "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the removed action.

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied,* 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test

5

for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573. The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

The circumstances under which a corporate officer or employee can be held individually liable for injuries to third persons under Louisiana law were explained in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). *Guillory v. PPG Industries, Inc.*, 434 F.3d 303 (2005). The court adopted the following criteria for imposing liability on individual officers or employees for breaching a duty arising solely because of the employment relationship:

> 1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.

6

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances--whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.* at 721.

## Analysis

**Procedural Issue**

Plaintiffs argued that the discovery responses should be considered a process that must be filed with the notice of removal. Plaintiffs' argument is unpersuasive. Discovery requests are not included in the records filed with the notice of removal pursuant to § 1446(a).[8]  The cases cited by the plaintiffs are readily

---

[8] *LCM Corporation v. Leach*, 2008 WL 190760 (W.D.Va. Jan. 18,
(continued...)

distinguishable because they involved failing to attach a copy of a summons, i.e. a process, with the notice of removal.[9]

Plaintiffs' argument that the defendants' Notice of Removal is procedurally deficient because the discovery requests were not attached is without merit.

**Improper Joinder**

Plaintiffs' allegations against the executive officers are found in paragraphs 12 - 27 of the state court petition. Plaintiffs listed each executive officer and his position, and generally alleged that the executive officers were delegated and/or actually undertook the responsibility to provide John Sims with proper planning, supervision, safety instruction, safety procedures, and appropriate warnings concerning hazardous conditions in the workplace and to generally provide him with a safe place to work.[10] Plaintiffs listed responsibilities of the executive officers and their specific negligent failures in carrying out their duties.[11] Plaintiffs alleged that the executive officers failed to warn, monitor, and require the use of reasonable

---

[8](...continued)
2008), *citing*, *Viscorp v. Software Arts, Inc.*, 575 F.Supp. 1528, 1531 (N.D.Cal. 1983).

[9] *Durand v. The Harford Life and Accident Insurance Company*, 2007 WL 1395336 (D.Colo. May 9, 2007); *Kisor v. Collins*, 338 F.Supp.2d 1279 (N.D.Ala. 2004).

[10] Record document number 1-4 (attachment), Original Petition for Damages, ¶ 13.

[11] *Id.*, ¶¶ 13, 15, and 18.

safety devices to protect Sims from unreasonable exposure to the vinyl chloride.[12]

Plaintiffs also alleged that certain executive officers were intentional tortfeasors and aware of the carcinogenic dangers resulting from vinyl chloride exposure and/or studies of cancer incidences conducted or sponsored by Dow.[13] Plaintiffs alleged that these executive officers continued to allow Sims to be exposed while concealing the dangers, studies, and results.[14] Plaintiffs also alleged that the executive officers deliberately failed to enlighten, educate, or share their knowledge of the dangers of exposure to vinyl chloride and the fact that Sims had been included in multiple published and unpublished epidemiologic studies of cancer in vinyl chloride workers conducted or sponsored by Dow.[15] Plaintiffs provided a list of specific intentional acts committed by these executive officers.[16]

Plaintiffs also alleged that certain executive officers aided and abetted in Dow's concealment, misrepresentation, and manipulation of test results which established the dangers of vinyl

---

[12] *Id.*, ¶ 21.

[13] *Id.*, ¶ 22.

[14] *Id.*, ¶ 22, 23, and 24.

[15] *Id.*, ¶ 23.

[16] *Id.*, ¶ 24.

chloride.[17]

Removing defendants asserted that the plaintiffs have neither alleged nor presented any evidence that the executive officers breached a duty owed to Sims through their personal fault, and therefore the plaintiffs have no possibility of recovery under the standards set forth in *Canter*. Removing defendants cited examples of deposition testimony, expert reports, and discovery requests from similar vinyl chloride litigation conducted over the past decade to establish that neither the plaintiffs' counsel, William Bagget, Jr., nor their primary "conspiracy expert," Gerald Markowitz, has ever identified any of the Louisiana executive officers named in this case as a person who participated in the alleged conspiracy or otherwise acted in a tortious manner with respect to Dow or any issue related to vinyl chloride.[18] The removing defendants also relied on deposition testimony or affidavit statements of certain Louisiana executive officers taken in other vinyl chloride cases, to demonstrate that they had no personal duty to Sims as required under *Canter*.[19]

---

[17] *Id.*, ¶ 26.

[18] *See*, record document number 13, pp. 20-23, deposition testimony of Gerald Markowitz, exhibits F, H, I, K, O, P, and Q; Expert report and chronology of events by Markowitz, exhibits M and N; and discovery responses, exhibit S.

[19] Record document number 15, exhibit A, deposition of Theorphile Rozas; exhibit B, deposition of Mortimer Currier; and Exhibit D, affidavit of Lester Porrier. The depositions were taken in *Howard King v. The Dow Chemical Company*, et al., 18th JDC, Iberville Parish, Suit No. 45,570. Exhibit C, deposition of Gerard
(continued...)

A review of the record supports the conclusion that the removing defendants' arguments and submissions are sufficient to carry their burden of demonstrating improper joinder.  Removing defendants have demonstrated that the executives officers listed in the petition owed no personal duty to the plaintiffs or, assuming they did, such a duty had been properly delegated to subordinates.

Although the plaintiffs' petition alleged that the executive officers failed to perform specific duties, the purpose of which was to protect the welfare of Sims and provide him with a safe place to work, merely listing these duties does not equate to alleging a specific breach of a personal duty owed to the Sims. Plaintiffs are essentially alleging the executive officers are liable based on the positions they held at Dow.[20]

The record also fails to demonstrate that the plaintiffs have any possibility of success with their intentional tort allegations against certain executive officers.  Allegations of fraud must be pleaded with factual specificity.[21]   Plaintiff's allegations concerning the concealment of studies supposedly demonstrating the dangers of vinyl chloride are insufficient to support their

---

[19](...continued)
Daigre, was taken in *Ronald S. Millender, Jr., et al. v. American Insurance Company, et al.*, 18th JDC, Iberville Parish, Suit Number 63,286.  Exhibit E, deposition of James Campbell, was taken in *Alvin Hebert v. Anco Insulations*, 18th JDC, Iberville Parish, Suit No. 51,180.

[20] *See Freeman v. Witco, Corp.*, 984 F.Supp. 443 (E.D.La. 1997).

[21] Rule 9(b), Fed.R.Civ.P.

11

intentional tort claim.  Plaintiffs' petition is devoid of any specific factual allegations which would show that any of the executive officers had a specific duty to communicate with Sims about, or actually provide him with, the results of any scientific studies concerning exposure to vinyl chloride.  Plaintiffs' also failed to allege that John Sims relied on, and continued to work at Dow because of, any specifically identified false or misleading documents or information received from any Dow executive officer.[22]

The conclusory allegations in the plaintiffs' petition do not establish that the executive officers had any knowledge of a harmful condition sufficient to create a personal duty owed to Sims.  Such generic allegations are insufficient to overcome a showing that a non-diverse defendant was improperly joined.[23]

In their petition, the plaintiffs also argued that this Court had previously held that improper joinder had not been established under similar circumstances in *King v. The Dow Chemical Company*.[24]

---

[22] *See Bogner v. Airco, Inc.*, 2003 WL 24121083, pp. 3-4, 7 (C.D.Ill. April 1, 2003)(fraud claim against Dow dismissed where plaintiff failed to allege that false information was relied upon by plaintiff).

[23] *Harrod v. Zenon*, 2003 WL 21748687 (E.D.La. July 25, 2003), *citing*, *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 (5th Cir. 2000).

[24] CV-95-338-B.  Plaintiffs have cited no authority for this court to take judicial notice of the state court petition in the *King* case.  It is not clear whether judicial notice of pleadings from the *King* case would be proper under Rule 201(b)(2), Fed.R.Evid. *See*, e.g. *Lohman v. Allmerica Financial Life*, 2006 WL 3761812 (E.D.Tenn. Dec. 20, 2006)(court may take judicial notice of
(continued...)

Plaintiffs argued that the allegations in this case are very similar to those in *King* which warranted a remand.

This argument is unpersuasive. The district judge in *King* found "that the defendants have not met their burden of showing that there is no possibility of recovery against the non-diverse defendants."[25] However, the ruling did not identify on which claim

---

[24](...continued)
procedural aspects of pleadings that are relevant to the current matter, including issues raised in them); *U.S. v. Southern California Edison, Co.*, 300 F.Supp.2d 964, 974-76 (E.D.Cal. 2004)(court may take judicial notice of judicial proceeding which has direct relation to matter at issue; court can only take judicial notice of existence of those matters of public record, not of the veracity of the arguments and disputed facts contained therein; similarly, court may not take judicial notice of one party's opinion of how matter of public record should be interpreted); *LeClercq v. Lockformer Co.*, 2002 WL 31269491 (N.D.Ill. Oct. 9, 2002)(judicial notice could be taken of court records, but judicial notice would not be taken of findings of fact in prior order disposing of claim; application of previous finding to later proceeding must be beyond reasonable dispute before court may take judicial notice); *Pollstar v. Gigmania, Ltd.*, 170 F.Supp.2d 974 (E.D.Cal. 2000)(no authority for judicial notice of pleadings in unrelated case).

Both the plaintiffs and the defendants made arguments based on the ruling granting the motion to remand in the *King* case. Pursuant to Rule 201, Fed.R.Evid., the court takes limited judicial notice of the following documents in the *King* case: the original state court petition, the parties' memoranda offered in support of and in opposition to the motion to remand, and the court's ruling on the motion. Regarding the allegations in the petition and the parties' arguments on the motion, judicial notice is limited to what was pled and what arguments were made; it is not an endorsement of any party's arguments regarding the merits of any claim or defense. Judicial notice of the ruling is limited to the fact that it was issued, remanding the *King* case to state court; plaintiffs do not argue that it is binding in this case.

[25] *Id.*, record document number 57, Ruling on the Plaintiffs' Motion to Remand, p. 2.

or claims the defendants failed to carry their removal burden. A review of the plaintiff's state court petition showed that the Kings made multiple claims against multiple defendants, including Howard King's Louisiana employers. The Kings' arguments on the motion to remand do not foreclose the conclusion that the ruling was based on grounds other than the possible liability of Dow's executive officers.[26] The ruling is simply not helpful in resolving the issue of improper joinder in this case.

The evidence, viewed most favorably to the plaintiffs, supports no more than a finding that the Dow executive officers had the responsibility for general administrative duties at their respective facilities and did not owe a personal duty to John Sims.

## Recommendation

It is the recommendation of the magistrate judge that the

---

[26] The *King* plaintiffs implicitly acknowledged that the ruling could have been based on one or more alternative grounds. They argued in opposition to the defendants' motion for reconsideration as follows:
> Dow has not offered one scintilla of evidence to refute Plaintiff's allegations in the petition, which must be taken as true, that Mr. King's non-diverse employer, Jacob[]s Constructors, is liable for an intentional tort in this case. Although Dow offered affidavits, not one affidavit or piece of evidence addressed Jacob's conduct in this case.
> ...
> Finally, Dow wages its removal war on only one non-diverse Defendant, National Maintenance, who was the post[-]1984 employer. This is a "red herring." The post-1984 recovery of punitive damages against his employer is only one of the three issues in the remand motion.

*Id.* record document number 62, p. 3-4.

plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction by Reason of Defendants Failure to Comply with 28 U.S.C. § 1446(a) be denied.

Baton Rouge, Louisiana, January 23, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE