UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN SIMS and JOANNE SIMS,<br><br>    Plaintiffs,<br><br>VERSUS<br><br>THE DOW CHEMICAL COMPANY, THE AMERICAN INSURANCE COMPANY, ASSOCIATED INDEMNITY CORPORATION, THE HOME INSURANCE COMPANY, and TRAVELERS CASUALTY AND SURETY COMPANY, LARRY D. ADCOCK, MORTIMER CURRIER, GERARD W. DAIGRE, CHARLIE MELANCON, THEOPHILE ROZAS,<br><br>    Defendants. | NO. 08-612-RET-SCR |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE

The Dow Chemical Company ("**Dow**"), The American Insurance Company, as indemnified by The Dow Chemical Company, Associated Indemnity Corporation, as indemnified by The Dow Chemical Company, and Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company, as indemnified by The Dow Chemical Company (collectively referred as the "**Insurer Defendants**"), file this memorandum in opposition to plaintiffs' Motion to Dismiss Without Prejudice (Dkt. No. 65).[1]

---

[1] Counsel for plaintiffs has submitted an "affidavit" supposedly attesting to different communications and incredulously at times the state of mind of Dow's counsel. The affidavit is replete with errors, misstatements and mischaracterizations. However, responding to the particulars of the confusing affidavit would be neither helpful nor appropriate. Dialogue between opposing counsel and discussions of options to possibly resolve the case are never relevant and should not be brought before the Court. Fed. R. Evid. 408.

521389.1

Plaintiffs at first request a dismissal <u>without</u> prejudice, but then request a dismissal <u>with</u> prejudice. Dow and the Insurer Defendants obviously do not object to plaintiffs dismissing this action <u>with</u> prejudice as prayed for by plaintiffs in the alternative. Plaintiffs "want out" of this suit.[2] So does Dow and the Insurer Defendants, but the defendants want "out" with the finality they have sought with their pending motion for summary judgment. And if the plaintiffs "wanted out" without prejudice, that effort should have been made long ago, before entry of a CMO, before defaulting on discovery obligations and before dispositive motion practice. The bottom line is that neither the plaintiffs nor Dow nor the Insurer Defendants have any objection to a dismissal <u>with</u> prejudice, but Dow and the Insurer Defendants oppose a dismissal <u>without</u> prejudice.

Dow and the Insurer Defendants, through pending motions for summary judgment, are entitled to finality after almost eighteen months of litigation. Dow and the Insurer Defendants have litigated in strict compliance with the Federal Rules of Civil Procedure. Plaintiffs have thumbed their nose at the Court's Case Management Order and have decided to pick up their marbles and have re-filed another suit in state court against the Insurer Defendants.[3] Fearful of being removed to federal court, plaintiffs have not named Dow in the new state court action, at least for the time being. Thus, Dow, the Insurer Defendants and the Court can freely and reasonably assume that any motion for dismissal without prejudice is nothing more than an attempt to make Dow and the Insurer Defendants start all over again, when Dow and the Insurer

---

[2] Plaintiffs' Memorandum in Support of Motion to Dismiss, p. 2.

[3] *Joann Sims and Brent Sims vs. The American Insurance Company, et al*, No. 68,301, Div. B, 18th Judicial District Court, Parish of Iberville.

Defendants are on the threshold of a summary judgment, in this Court, unopposed by any competent evidence[4] that will dismiss them with prejudice once and forever.

A couple of points can be surmised from plaintiffs' motion, memorandum and the perplexing affidavit from plaintiffs' counsel:

1. Plaintiffs do not want to litigate in federal court and will do anything to get out of federal court, except voluntarily dismiss their case with prejudice, which is acceptable only when all else fails.

2. Plaintiffs want to pursue this action in state court without the pesky requirements of the Federal Rules of Civil Procedure, while the federal forum provides Dow and the Insurer Defendants with court adopted case management orders that minimize overbroad, expensive and unnecessary discovery, and reasonable summary judgment practice.

3. The Ginsburg report, that plaintiffs are now claiming was tucked away in their back pocket,[5] was not prepared for Mr. Baggett, was not prepared for this litigation and does not even contain any opinions and is simply an introduction to Gary Ginsberg, Ph.D.

4. Plaintiffs waited until the opposition deadline for summary judgment, December 31, 2009, before seeking to dismiss their suit either without or with prejudice. The purpose of the motion is to "cut their losses" and "impose no further burden on the Court."[6] In the hundreds or even thousands of words that are underlined

---

[4] See Reply Memorandum of Dow and the Insurer Defendants in Support of Summary Judgment.

[5] Exhibit A, Affidavit of William Baggett, Jr., Doc. 65-3.

[6] Memorandum filed in Support of Motion to Dismiss, p. 1, Document 65-1.

and italicized in the filing, plaintiffs curiously do not explain why a dismissal without prejudice took so long to surface. Why not seek a dismissal when the Case Management Order despised by plaintiffs was entered in June of 2009? What about when the expert disclosure deadline cropped up on August 14, 2009? What about soon after summary judgment being filed on September 1, 2009? Why wait almost a year to "cut losses" and "impose no further burden"? To ask these questions are to answer them.

Dow and the Insurer Defendant's Motion for Summary Judgment was based on the failure of plaintiffs to produce timely an expert report that satisfied Fed. R. Civ. Proc. 26. Plaintiffs apparently believe that the Expert Disclosure requirements of Fed. R. Civ. 26(a)(2) permit plaintiffs' counsel to incorporate and adopt by reference any expert report ever published in the world in any litigation notwithstanding the fact that: (a) the expert did not develop the opinions for this case, (b) the expert has not been retained to testify in this case, and (c) as a result, the expert would never be called or available as a witness to testify in this case. Thus, according to plaintiffs, it is the responsibility of defense counsel to guess and presume what expert and theories the plaintiffs could hypothetically float in this case on complicated scientific issues of medical causation. And because expert reports on similar issues have been hypothetically generated in other cases, those reports can create triable issues of fact in this case where the expert was never retained by plaintiffs for this case.

The bottom line is that the plaintiffs never employed, engaged, retained or disclosed any medical expert for this case in particular. Why not? The purpose was very clear: plaintiffs' counsel did not want to retain an expert in this case and have the expert subject to a ***Daubert*** review by a federal court. Furthermore, Dow and the Insurer Defendant's motion for summary

judgment does seek a "merits" determination – i.e. plaintiffs have failed to identify in discovery as required by the Court's CMO, an evidentiary basis supported by an expert retained for this action, that vinyl chloride is capable of causing brain cancer – the disease forming the basis of plaintiffs' damages and this suit.

To require Dow and the Insurer Defendants to potentially start over when Dow and the Insurer Defendants have followed all the rules and plaintiffs have followed none, will create prejudice. A new suit was recently filed against the Insurer Defendants in state court, with an option to add Dow later. If this suit is dismissed without prejudice, all progress made to bring Dow and the Insurer Defendant's alleged liabilities to a final judgment of dismissal with prejudice through its pending motion for summary judgment will be lost.

**Dow and The Insurer Defendants Will Sustain Legal Prejudice If A Dismissal Without Prejudice Is Permitted.**

### A. The Defendants' Efforts To Move The Matter To Dismissal Satisfies A Finding Of Prejudice Sufficient to Deny Plaintiffs' Requested Dismissal Without Prejudice.

"[F]actors to be considered in examining motions to dismiss may properly include 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" ***Tyco Labs., Inc. v. Koppers Co.***, 627 F.2d 54, 56 (7th Cir.1980). These factors have been adopted by the Fifth Circuit in determining whether a defendant will sustain "legal prejudice" sufficient to deny a voluntary dismissal without prejudice. ***Elbaor v. Tripath Imaging, Inc.,*** 279 F.3d 314, 317 n. 3 (5th Cir. 2002).

The first factor, whether Dow and the Insurer Defendants, have made an effort to move the matter to a final adjudication, weighs heavily against a dismissal without prejudice. The

second factor related to plaintiffs' lack of diligence in prosecuting the action shows that plaintiffs have produced no evidence to support their claim in the manner required by the Federal Rules of Civil Procedure and the Court's Case Management Order. The third factor – insufficient explanation for a delayed dismissal - is decided against plaintiffs because they have moved to dismiss only after summary judgment motions have been submitted and they provide no explanation as to why a dismissal is sought now when such a motion could have been filed a year ago. And finally, the fourth factor warrants denying a dismissal without prejudice because Dow and the Insurer Defendants have filed motions for summary judgment.

Dow and the Insurer Defendants have done everything reasonably possible and permitted by the Federal Rules of Civil Procedure to move this matter to a quick and final adjudication. They have done all discovery required by the federal rules and have filed a motion for summary judgment because the plaintiffs produced nothing in response to the discovery. Plaintiffs have done nothing but express frustration, confusion and either an inexplicable misunderstanding or a conscious indifference to the Court's Case Management Order and the Federal Rules of Civil Procedure in numerous attorney affidavits submitted by their counsel. And, now only, after a summary judgment was filed and after a new suit was filed in state court, without any explanation of why they waited so long, plaintiffs request a dismissal without prejudice.

The Fifth Circuit in ***Davis v. Huskipower Outdoor Equipment Corp***., 936 F.2d 193 (5th Cir. 1991), affirmed the denial of a plaintiffs' attempted dismissal without prejudice, when the plaintiff waited a year after their case was removed to federal court to seek a dismissal. The plaintiffs in ***Davis*** also moved to dismiss only after sustaining adverse rulings and after attending conferences and submitting memoranda on various issues. The record of this matter shows a striking similarity between the plaintiffs in this matter and the plaintiffs whose attempted

dismissal without prejudice was denied in ***Davis***.  Accordingly, plaintiffs' request for a dismissal without prejudice should be denied.[7]

## B. Dow and the Insurer Defendants Have Done Everything Reasonably Possible To Move This Matter To Judgment And Plaintiffs' Requested Dismissal Without Prejudice Is A Reaction To Adverse Rulings.

Plaintiffs commenced this lawsuit almost eighteen (18) months ago in state court in August, 2008.  They allege that John Sims contracted a type of brain cancer (glioblastoma multiforme) as a result of his alleged exposure to vinyl chloride while employed at a Dow chemical manufacturing facility from 1969 until 2000.  The lawsuit was properly removed to this Court and this Court has affirmatively found subject matter jurisdiction over this action.[8]  Dow and the Insurer Defendants, though, have done much more than simply remove the case to federal court.

In April, 2009, Dow and the Insurer Defendants moved this Court for a case management order front loading the issue of general medical causation for discovery and dispositive motion practice. (Dkt. No. 37.)  The motion was vigorously opposed by plaintiffs.  Dow and the Insurer Defendants established, and the Court agreed, that the most expeditious and cost effective way to proceed with discovery and dispositive motion practice is to address general medical first, i.e. can vinyl chloride exposure cause glioblastoma multiforme (a form of brain cancer)?

In June 2009, the Court granted the defendants' motion, entered a protective order in

---

[7] See also, *Weatherby v. General Motors Corp.*, 2006 WL 2865058 (N.D. Miss. 2006), where the court denied a dismissal without prejudice when the motion was filed to circumvent the denial of a remand order and engage in what the court described was "blatant forum shopping".  Legal prejudice is established when a dismissal without prejudice might serve to deprive the defendants of their right to a federal forum guaranteed by diversity jurisdiction.  Dow and the Insurer Defendants have done all that they reasonably could do under the circumstances to bring this matter to a federal forum and finality to Dow's and Insurer Defendant's alleged liabilities.  Dow and the Insurer Defendants will be hard pressed to regain the summary judgment opportunity they have now in another action.

[8] Document No. 35.

favor of Dow and the Insurer Defendants and issued its Case Management Order No. 1 ("CMO No. 1"). (Dkt. No. 50.) CMO No. 1 required the plaintiffs to produce expert report(s) supporting the element of general medical causation – i.e., that glioblastoma multiforme could in fact be caused by exposure to vinyl chloride – and identifying the basis for concluding, to a reasonable degree of medical probability, that vinyl chloride exposure was the cause of the plaintiffs' decedent's illness. In entering the CMO, Magistrate Judge Reidlinger wrote:

> Plaintiffs must know that they will have to offer admissible evidence showing that exposure to vinyl chloride, at some level, can cause the injuries alleged by plaintiff John Sims. They do not argue to the contrary. Plaintiffs do not argue that such evidence (assuming it exists) is unavailable to them. Plaintiffs prefer to focus elsewhere - on the alleged "wide variety of misconduct relating to vinyl chloride of which concealing the relationship between vinyl chloride and brain cancer is but one part." Plaintiff have not shown that conducting discovery related to the alleged wide variety of misconduct by Dow is a more efficient or better use of the parties resources than the focused discovery sought by Dow.[9]

The deadline for plaintiffs to identify their expert testimonial evidence in support of their medical causation allegation was August 14, 2009. The CMO did not permit plaintiffs to adopt or incorporate by reference any expert report ever filed in any court in the world of vinyl chloride litigation, but rather simply ordered plaintiffs to produce expert reports on the issue of general causation **"that fully comply with the provisions of Fed. R. Civ. Proc. 26(a)(2)."**[10] Plaintiffs did not comply in the slightest.

In response to the CMO deadline, counsel for plaintiffs never produced an expert report by an expert "employed for this litigation" as required by Rule 26. The only things represented to counsel for Dow by plaintiffs' counsel in telephone calls were that: (1) Plaintiffs' counsel was never going to permit the issue of medical causation to be litigated in federal court under the

---

[9] Document no. 49, p. 4.

[10] Document no. 50.

terms of the CMO, (2) that he would dismiss the suit before he would allow the causation issues to be litigated, (3) he was not going to spend money on experts in this case while it was in federal court, and (4) he wanted to restart the whole suit by re-filing a new suit for his clients in state court that could not be removed to federal court.

Dow has always made several things clear to counsel for plaintiffs: (1) Dow will not agree to a non-suit without prejudice so that plaintiffs can re-file and undo the protective order and CMO that Dow successfully moved for entry, (2) Dow is not going to guess and rummage through other filings to determine what expert reports plaintiffs' counsel could have identified and filed in this matter had he chosen to make the Court ordered disclosures, (3) plaintiffs' counsel does not need Dow's permission to dismiss this suit with prejudice, and most importantly, (4) Dow is going to litigate to as much finality as possible from this action through whatever procedural vehicles are afforded to Dow by the Federal Rules of Civil Procedure.

As of the date of this Memorandum, the plaintiffs have not proffered expert report(s) as required by CMO No.1 that fully complies with Rule 26, and the date for doing so has long passed without objection.

On September 1, 2009, the defendants moved this Court for an order pursuant to Fed. R. Civ. P. Rule 56 granting summary judgment and dismissing this action in its entirety and with prejudice. (Dkt. No. 55.)

Regardless of the theory of liability asserted, plaintiffs bear the burden of proving the threshold issue of general medical causation and plaintiffs clearly have not done so. ***Pennington v. Vistron Corp.***, 876 F.2d 414, 425 (5th Cir. 1989). In toxic tort cases, "general causation" refers to whether a substance is capable of causing a particular injury or condition in the general population, while "specific causation" refers to whether a substance caused a particular

individual's injury. ***Knight v. Kirby Inland Marine Inc.***, 482 F.3d 347, 351 (5th Cir. 2007). General causation is a requisite element in toxic tort litigation. *Id*. Given the factual allegations in this case, the issue is whether brain cancer is caused by exposure to vinyl chloride. Plaintiffs' have failed to meet their burden of proof by failing to submit expert opinions to support general causation. ***Pennington,*** 876 F.2d at 426 & n.14 (5th Cir. 1989) (upholding summary judgment to defendant in toxic tort lawsuit where the plaintiff failed to proffer expert opinion in support of general causation).

Furthermore, Dow and the Insurer Defendants are on the threshold of a summary judgment in their favor. Plaintiffs' opposition to summary judgment is not supported by competent evidence. Plaintiffs' counsel has not submitted an expert report or an expert affidavit. Instead, plaintiffs' counsel, as an attorney with no expert qualification, has executed his own personal affidavit to oppose the summary judgment motion. This filing is the subject of a separate motion to strike and reply memorandum. Nonetheless, plaintiffs' counsel admits that he did not retain an expert for this case nor did he request that any expert report be prepared for this litigation. Thus, plaintiffs' counsel has purposefully shielded all experts from any *Daubert* review in this case by not issuing a report and subjecting the expert to a deposition.

So the question becomes: what more could Dow and the Insurer Defendants have done at this point to move this matter to a final dismissal? Dow and the Insurer Defendants properly invoked and established jurisdiction. They moved the matter to an efficient and expedient discovery schedule. When the CMO was violated by plaintiffs, the lack of Rule 26 evidence was

identified and a summary judgment motion was filed.[11]  Dow and the Insurer Defendants are entitled to point to plaintiffs' lack of evidence in support of a motion for summary judgment. When the plaintiffs defaulted on the deadlines and requirements set by the CMO, the case became a summary judgment case with no need for any additional discovery by either party.

Plaintiffs claim that for months they have wanted "out" of this suit.  However, as recently as October of 2009, plaintiffs' counsel attempted to force the defendants to file expert reports, even though plaintiffs defaulted on their requirement to do so.  Magistrate Judge Reidlinger agreed that the defendants had no obligation to produce expert reports under the circumstances and suspended the deadlines applicable to the defendants.[12]

The plaintiffs' defense of not producing expert reports is based entirely on the supposition that "Dow would know what the experts would say if I had produced one and I was going to dismiss the suit anyway."  Incorporation by reference to the world of potential expert reports does not satisfy any rules of disclosure, much less Rule 26.

## CONCLUSION

The evolution of this litigation shows that a dismissal without prejudice would cause Dow and the Insurer Defendants to sustain legal prejudice as defined by Fifth Circuit jurisprudence.  Plaintiff is agreeable ultimately to a dismissal with prejudice.  Dow and the Insurer Defendants are agreeable to a dismissal with prejudice.  Thus, plaintiffs' motion to

---

[11] No motion to compel was necessary because plaintiffs were already under a Court order to produce their expert reports, if any.

[12] Document No. 61.

dismiss without prejudice should be denied and this action should be dismissed with prejudice only.

By **/s David Bienvenu**
**David M. Bienvenu, #020700**
**Lexi Holinga, #030096**
**451 Florida Street, 8th Floor**
**P.O. Box 2471**
**Baton Rouge, LA 70801/70821**
**Telephone: (225) 387-3221**
**Facsimile: (225) 346-8049**

Counsel for *The Dow Chemical Company*

By **/s F. Charles Marionneaux**
**F. Barry Marionneaux, #09277**
**F. Charles Marionneaux, #18320**
**MARIONNEAUX & MARRIONEAUX, APLC**
**23615 Railroad Avenue**
**Plaquemine, LA 70764**
**Telephone: (225) 687-6884**
**Facsimile: (225) 687-6886**

Counsel for *The American Insurance Company, as indemnified by The Dow Chemical Company, Associated Indemnity Corporation, as indemnified by The Dow Chemical Company, and Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company, as indemnified by The Dow Chemical Company*

CERTIFICATE -

I certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 19th day of January, 2010.

**/s David Bienvenu**
David M. Bienvenu